UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-176-DCR |
| V. | ) ) | |
| JOHN JEROME O'HARA, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant John O'Hara was required to pay restitution to the estate of Sally Thrush following his conviction for bank and wire fraud. Sally Thrush, the defendant's mother, passed away on February 23, 2019, leaving O'Hara as the sole beneficiary of her estate. The Court subsequently directed the United States to state its position regarding whether the defendant should be discharged from his existing restitution obligation. [Record No. 26] The United States filed a response and a supplement, requesting an Order directing that the Crime Victims Fund be substituted as a victim in place of the Estate of Sally Thrush now that the estate has been settled. [Record Nos. 28, 34] Defendant O'Hara responded to the United States' position, requesting discharge of his restitution obligation. [Record No. 36]

The Mandatory Victims Restitution Act ("MVRA") imposes restitution for victims of certain offenses, including offenses under Title 18 committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). "[T]he defendant [must] make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate." *Id.* § 3663A(a)(1). If a victim is deceased or incapacitated, "any other person appointed as suitable by the court[] may assume the victim's

rights under this section, but in no event shall the defendant be named as such representative or guardian." *Id.* § 3663A(a)(2).

O'Hara contends that his restitution obligation should be discharged because he remains the sole beneficiary of [the victim's] Estate as he was at the time of sentencing." [Record No. 36, p. 2] But the MVRA indicates that a defendant may not be considered a victim for restitution purposes. "Through its textual references to a 'defendant' and a 'victim,' the MVRA contemplates at least two distinct classes of individuals: perpetrators and victims." *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1239 (11th Cir. 2014). "Thus, given the MVRA's text, a victim does not exist without a perpetrator, and *a perpetrator cannot be his own victim*." *Id.* (emphasis added).

Allowing a perpetrator to effectively receive his own restitution would have the effect of nullifying a court's restitution order and circumventing Congress' intent to require mandatory restitution under the MVRA. "Statutes, however, are to be construed according to their natural and reasonable effect, and a construction leading to absurd consequences is to be discarded." *United States v. Dillin*, 168 F. 813, 817 (6th Cir. 1909). "There is . . . 'a presumption against a construction which would render a statute ineffective or inefficient.'" *Id.* at 818 (quoting *Bird v. United States*, 187 U.S. 118, 124 (1902)).[1]

O'Hara counters that "everyone [had] knowledge that [he] was the sole beneficiary of said Estate[,] and no one objected or filed any post[-]conviction motions to alter, amend, vacate

---

[1] O'Hara's proffer to name his four children as restitution recipients is likewise unconvincing. *Cf. Hanover Am. Ins. Co. v. Tattooed Millionaire Entertainment, LLC*, 974 F.3d 767, 790 (6th Cir. 2020) ("It is an 'ancient equity maxim that no one should benefit from his own wrongdoing.'" (quoting *K&T Enterprises v. Zurich Ins. Co.*, 97 F.3d 171, 178 (6th Cir. 1996))).

or to correct the sentence." [Record No. 36, p. 3] He supports his argument by referencing Rule 60 of the Federal Rules of Civil Procedure, but civil rules "do not apply to criminal proceedings." *United States v. Campbell*, 96 F. App'x 966, 968 (6th Cir. 2004) (citing Fed. R. Civ. P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)); *see also United States v. Ibianski*, No. 08-51116, 2016 U.S. Dist. LEXIS 96974, at *7 (E.D. Mich. July 26, 2016). Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' Response, construed as a motion to amend the Judgment to substitute a victim [Record No. 28], is **GRANTED**. Defendant John O'Hara is directed to pay restitution to the Crime Victims Fund.

2. The restitution hearing scheduled for July 24, 2023, is **CANCELED**. An Amended Judgment identifying the substituted victim will be entered forthwith.

Dated: July 19, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky